UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anthony Steven Hill,

        Petitioner,

v.   Civil No. 12-3166 (JNE/SER)
    ORDER

State of Minnesota,

        Respondent.

      Petitioner filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 (2006). The petition challenges his current imprisonment resulting from a 120-month sentence imposed by a Minnesota state court after a jury found him guilty of first-degree assault of a peace officer. The crime, defined by Minn. Stat. § 609.221(2)(a), occurs when a person "assaults a peace officer or correctional employee by using or attempting to use deadly force against the officer or employee while the officer or employee is engaged in the performance of a duty imposed by law, policy, or rule."

      In a Report and Recommendation dated November 18, 2013, the Honorable Steven E. Rau, United States Magistrate Judge, recommended that Petitioner's petition be denied; that this action be dismissed with prejudice; and that Petitioner should not be granted a certificate of appealability. Petitioner objected to the Report and Recommendation. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court adopts the Report and Recommendation [Docket No. 17] with the clarification below in response to Petitioner's objection.

The Magistrate Judge's report provides the relevant background information on Petitioner's case. Docket No. 17 at 2-6.[1]  The Magistrate Judge discussed each of the five grounds for relief alleged by Petitioner and concluded that none of them warrant granting a writ of habeas corpus. *Id.* at 9-16.  Petitioner's objection focuses on two of his five alleged grounds for relief—the trial court's response to a question from the jury and the sufficiency of the evidence supporting Petitioner's conviction.

A "highly deferential standard" applies to a federal habeas court's evaluation of state-court rulings and state-court decisions must be given "the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010).  Section 2254(d) provides for a habeas remedy with respect to a claim adjudicated on the merits in state court only if those proceedings resulted in a decision (1) that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) that was based on an unreasonable determination of the facts in light of the evidence.  28 U.S.C. § 2254(d).  Under § 2254(d)(1), a state-court decision is "contrary to" federal law if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  An "unreasonable application" of federal law under § 2254(d)(1) entails that the state court identified the correct governing legal principle from the Supreme Court's decisions, but unreasonably applied it to the facts of the case.  *Id.*  A state-court factual determination is not "unreasonable" under § 2254(d)(2) "merely because the federal habeas court would have reached a different conclusion in the first instance" or if "reasonable minds reviewing the record might

---

[1]   At a high level, the main part of the incident that resulted in the charge against Petitioner involved him emerging from a closet with a gun pointing at police officers, who had forcibly entered the room.  The officers apprehended the Petitioner without any gunshots being fired.

2

disagree about the finding in question." *Wood v. Allen*, 558 U.S. 290, 301 (2010) (internal quotation marks omitted).

In light of the standards that constrain this Court's review of Petitioner's claims, the Court agrees with the Magistrate Judge that neither of the two grounds addressed by his objections provide a basis for Petitioner's requested relief.

    1. <u>Trial Court's Response to a Jury Question</u>

Petitioner contends that the trial court committed an error that warrants granting his petition with its answer to the following question from the jury: "If an empty gun is pointed at another person, is this considered use of deadly force?" App.[2] at 880. In instructing the jury prior to sending it for deliberation, the trial court had defined "deadly force" in Minn. Stat. 609.221(2)(a) in line with the statutory definition provided by Minn. Stat. § 609.066(1) as follows:

> Deadly force means force that the actor uses with the purpose of causing, or the actor should reasonably know creates a substantial risk of causing death or great bodily harm. The intentional discharge of a firearm in the [direction] of another person constitutes deadly force. Great bodily harm means bodily harm that creates a high probability of death, causes serious permanent disfigurement, or causes a permanent or protracted loss or impairment of the function of any part of the body, or other serious bodily harm.

*Id.* at 864-65. The trial court responded to the subsequent jury question by rereading the first sentence of its prior instruction on the definition of "deadly force." *Id.* at 880. With his petition, Petitioner argues that the trial court erred by failing to answer the jury's question with a "no" and by failing to reread the complete definition it had given earlier. Docket No. 1 at 9-10.

The Minnesota Court of Appeals reviewed Petitioner's argument regarding the trial court's answer to the jury question and rejected it. App. at 14-15. The appellate opinion cites Minnesota law and rules of criminal procedure in noting that a trial court has considerable

---

[2]     The Appendix is available at Docket No. 11 and 11-1.

discretion in selecting language for jury instructions and the discretion extends to responses to questions posed by the jury during deliberations. *Id.* at 14.  In deciding Petitioner's claim that the trial court should have answered the jury's question with a "no," the appellate court pointed to the lack of legal authority for the proposition asserted by Petitioner that "pointing an empty gun at police is not, as a matter of law, the use of deadly force" and the evidence that "did not necessarily show that the handgun was 'empty'." *Id.*  In response to Petitioner's claim that the entire instruction should have been reread, the appellate court found it reasonable for the trial court to have omitted the portion it did, because the content was not "relevant to the jury's question about an empty handgun." *Id.*

With his habeas petition, Petitioner does not proffer any clearly established federal law with which he contends that the Minnesota Court of Appeals' determination conflicts in the manner required by 28 U.S.C. § 2254(d)(1).  Neither does the Court otherwise conclude that the state-court decision in Petitioner's case is contrary to, or an unreasonable application, of clearly established federal law.  In *Weeks v. Angelone*, 528 U.S. 225, 227 (2000), the Supreme Court found no constitutional inadequacy when the trial court responded to a jury's question by directing it to a paragraph of the previously provided instructions.  The Eighth Circuit discussed *Weeks* and other Supreme Court cases in affirming a denial of a § 2254 petition in a case with similarities to this one in the trial court's handling of a jury question.  *See Johnston v. Luebbers*, 288 F.3d 1048, 1051-53 (8th Cir. 2002).  In *Luebbers*, the jury had sent the trial court a question that called for a "yes" or "no" answer and the petitioner had requested an answer of "yes," but the trial court responded by instructing the jury "to be guided by the instructions as given." *Id.* at 1051-52.

4

These cases support a conclusion that the trial court's handling of the jury question and the state appellate court determinations were not contrary to federal law. In reviewing the record, the Court also does not find the state court's conclusions unreasonable. As the Minnesota Court of Appeals noted, the record included evidence that rendered the determination of whether Petitioner's actions with the handgun amounted to an attempt to use deadly force a question for the jury. App. at 14. For example, at trial, Officer James Rygg testified about his observation that the handgun that Petitioner pointed at the officers had an unspent shell in the cylinder in the "1 o'clock position." App. at 573. The trial court's decision to minimize the chance of invading the province of the jury on the question of deadly force by rereading a portion of an instruction—that Petitioner does not contend misstates the law[3]—cannot be said to have resulted in a constitutional violation. *See Middleton v. McNeil*, 541 U.S. 433, 436-437 (2004) (noting that "not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation" and the question in a habeas review "is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process").

2. Sufficiency of the Evidence

Petitioner objects to the Magistrate Judge's conclusion regarding his claim of insufficiency of the evidence. Docket No. 19 at 2-4. "[E]vidence is sufficient to support a conviction if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Coleman v. Johnson*, 132 S. Ct. 2060 (2012) (internal quotation marks omitted). On

---

[3] Petitioner argues that the failure to reread the sentence "[t]he intentional discharge of a firearm in the direction of another person constitutes deadly force" rendered the trial court's answer to the jury question problematic. Docket 1 at 9-10. But he acknowledges that the sentence only provides an "example" of deadly force. *Id.* at 10. Moreover, the sentence was read earlier and a particular instruction must be considered in the "context of the instructions as a whole and the trial record." *See Waddington v. Sarausad*, 555 U.S. 179, 190-91 (2009).

5

habeas review, mere disagreement with a state-court decision rejecting a claim of insufficiency does not warrant overturning that decision and a federal court may only do so if the decision was "objectively unreasonable." *Id.* at 2062.

The Minnesota Court of Appeals evaluated Petitioner's sufficiency of evidence challenge and its rejection of the challenge is not objectively unreasonable. Petitioner contends that "[a]ll the evidence showed that the gun was empty" and argues that the record lacked sufficient evidence to support the jury's finding of "deadly force." Docket No. 19 at 2-4. As quoted above, however, the record included evidence that the gun contained a bullet in the position just before the firing position when Petitioner pointed it at the officers. The Minnesota Court of Appeals addressed Petitioner's insufficiency argument as follows:

> Hill contends that the evidence is insufficient because the handgun was inoperable, which prevented him from causing death or great bodily injury. He asserts that the handgun was inoperable because the cylinder was not seated when the officer found the handgun on the bedroom floor and because the state's firearms expert was unable to make the handgun discharge accidentally. But the state introduced evidence that the handgun discharged successfully when the cylinder was properly seated, and the jury was permitted to infer that Hill could have seated the cylinder. The state also introduced evidence that Hill had fired the handgun at his home earlier that same day. This evidence is sufficient to allow the jury to conclude that Hill could have fired the handgun and that he made a substantial step toward doing so.

App. at 12. At trial, Officer Rygg testified that he fired a taser at Petitioner as Petitioner held the handgun pointed at the officers and Petitioner "drop[ped] directly down to the floor dropping the handgun in his hand." *Id.* at 569-572. Officer Rygg testified that when he picked up the gun "the cylinder did not appear to be properly seated within the frame" and in that position would not be capable of being fired. *Id.* at 573. He also testified that when Petitioner had pointed the gun at the officers "[m]ost likely, from what I could determine from that distance and that time, it was seated properly" and "[t]he cylinder may have come loose as it made impact with the floor." *Id.* at 573-74. At trial, a firearms examiner testified that he was able to successfully

6

discharge the gun in testing and confirmed that a spent shell casing found at the scene was fired from that gun. *Id.* at 803-807. The appellate court's determinations about the sufficiency of the evidence are not objectively unreasonable.[4]

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 1] is DENIED.

2. This action is DISMISSED WITH PREJUDICE.

3. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 20, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[4] Petitioner's objection notes that the Magistrate Judge's report does not accurately describe Respondent's position when the report states that the Respondent asserted that "the gun was loaded, the cylinder was closed, and the gun fully operable." Docket No. 17 at 14. Respondent had actually only asserted that the "gun was loaded and, with the cylinder closed, was fully operable." Docket No. 10 at 11. The difference does not alter the outcome. As the Minnesota Court of Appeals concluded, the evidence allowed for an inference that Petitioner could have rendered the firearm operable and had made a substantial step toward doing so. In particular, the gun had a bullet, and with the cylinder properly seated, could be fired.